FILED
March 11, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002477636

**3**

JaVonne M. Phillips, Esq., SBN 187474
Mishaela J. Graves, Esq., SBN 259765
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone (619) 685-4800 Ext. 3423
Fax (619) 685-4810

Attorney for: Secured Creditor,
The Bank of New York Mellon Trust Company, National Association as grantor trustee of the Protium Master Grantor Trust, its assignees and/or successors, and the servicing agent Barclays Capital Real Estate Inc. dba HomEq Servicing

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>Anthony Adorno, Jr.,<br><br>Debtor. | ) Case No. 10-21206<br>)<br>) DC No.: MIG-1<br>)<br>) Chapter 7 |
| The Bank of New York Mellon Trust Company, National Association as grantor trustee of the Protium Master Grantor Trust, its assignees and/or successors, and the servicing agent Barclays Capital Real Estate Inc. dba HomEq Servicing,<br><br>Secured Creditor,<br>v.<br><br>Anthony Adorno, Jr., Debtor; and Geoffrey Richards, Chapter 7 Trustee,<br><br>Respondents. | ) **MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>) Date: 4/6/2010<br>) Time: 9:31AM<br>) Ctrm: 32, Sixth Floor<br>) Place: 501 I Street, Sacramento, CA<br><br>) Judge: Thomas Holman |

The Bank of New York Mellon Trust Company, National Association as grantor trustee of the Protium Master Grantor Trust, its assignees and/or successors, and the servicing agent Barclays Capital Real Estate Inc. dba HomEq Servicing ("Secured Creditor" or "Movant" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee may commence and continue all acts necessary to foreclose under the Deed of Trust secured by the Debtor property, commonly known as 7046 Charolais Way, Citrus Heights, CA 95610, ("Property" herein). **See Exhibit "1"**.

A copy of Secured Creditor's Relief From Stay Information Sheet is filed concurrently herewith as a separate document pursuant to Local Rules of Court.

The current value of the Debtor's subject Property is $300,000.00, based upon the Debtor's own value as set forth in Schedule A. Movant requests the court to take judicial notice of the Debtor's Schedules. **See Exhibit "2"**.

In the present case, the Debtor has no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Secured Creditor herein and the other liens as noted in this Motion.

| | | |
|---|---|---|
| Value | $ | 300,000.00 |
| Total Liens to Secured Creditor | $ | 340,962.27 |
| Equity | $ | (40,962.27) |

Based on the foregoing, Secured Creditor alleges that there is no equity in the subject Property, the subject Property is not necessary for an effective reorganization, and Secured Creditor is not adequately protected. Secured Creditor is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. § 362(d)(1) and (2).

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with the foreclosure under Secured Creditor's Deed of Trust, and to sell the subject Property at a trustee's sale under the terms of the Deed of Trust to proceed

with any and all post foreclosure sale remedies, including the unlawful detainer action or any other action necessary to obtain possession of the Property.

2. For an Order that the fourteen day stay described in Bankruptcy Rule 4001(a)(3) be waived.

3. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.

4. For such other relief as the Court deems proper.

5. The Moving Party, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

Dated: March 11, 2010

McCarthy & Holthus, LLP

By: /s/ Mishaela J. Graves

Mishaela J. Graves, Esq.
Attorney for Secured Creditor
The Bank of New York Mellon Trust Company, National Association as grantor trustee of the Protium Master Grantor Trust, its assignees and/or successors, and the servicing agent Barclays Capital Real Estate Inc. dba HomEq Servicing